case number two come on up 22-13798 Keith Stansell et al versus Samark Jose Lopez Bello okay Mr. Fels whenever you're ready Thank You Your Honor Adam Fels on behalf of Lopez and the corporate defendants Judges Jordan, Judge Brashear, Judge Abudu, fellow counsel may it please the court Mr. Lopez is not a terrorist he is not an agency or instrumentality of the FARC not directly not indirectly not even using the six degrees of separation of Kevin Bacon test that this court indicated in its last ruling was improper all he has wanted to do is have a fair shake at defending the false allegations that he is an agency or instrumentality beyond a level for a deposition and just say that sorry he didn't he wouldn't set for a deposition Your Honor the discovery order that they term they claim is not a discovery order what it is is it is basically explaining you are not going to file any motions in this case and I want to be very clear about that because there is some maybe some confusion about the language that was used particularly in that last order on the 14th of October he barred Lopez from seeking any relief from this court so long as his fugitive status persists at that moment he is depriving Mr. Lopez of his First before you even get to that Mr. Fels he had a deposition set and twice he didn't show for it there's as far as I see in the record there's no legitimate reason to not sit for it what excuse can he possibly have what legally valid reason can he have for not sitting for the deposition your honor the first there are two instances the first time the unilaterally set him as we explained to the court they did this in violation of rule 26 F you have to have you actually have to already address that and said this order allows for discovery it identifies a provision in the rules that say unless authorized by the court so I think the district court has already identified its order as a proper discovery well and our and our concern judge boot is that this is really was not a discovery order what this was was an injunction I understand that in the what was an injunction basically explaining to the judge explaining to the litigant you are not allowed to seek any relief and I'm not gonna consider any relief you're putting the cart before the horse I think that's a separate issue but for that issue to be able to show prejudice on that issue I speak only for myself you have to provide a valid reason that you were prevented from providing to the district court to get out of the deposition so and the way this record looks to me this is Stansell three for me and the way from 2014 to two years ago to now and the way this record looks to me instinctively is he was never going to sit for the your honor I disagree I respectfully and I have to point out that there is another case out that was filed after these briefings it's the Marone case we are currently working through the discovery issues because we have a normal schedule we're not being forced essentially to start finish object to and conclude all discovery within two weeks which is but you knew but you knew from the time we issued Stansell to that you were going to have to face the music at some point and he was gonna have to testify at some point and he's given the option if judge Scola had ordered him to appear in Miami for deposition there's a whole different ballgame that's a whole different case but he let him appear by zoom so what legal reason legally valid reason did he for not sitting for the deposition okay so if we get the timeline they unilaterally set him for deposition it was in person that was an impossibility we still moved for a motion for protective order it was denied and in that very first denial the court says I'm not going to consider your motion he also granted it in part because he let him sit by zoom and he said here's the date for you to do it he gave a actually a range of a week okay and and essentially the other side legally valid reason for not sitting for the deposition if you have a week to prepare because the your honor the problem is by the time we're asking and we do we ask for an additional two days because why are two that those two days magical the two days were magical because you're on this is the deposition of the defendant we needed an opportunity to prepare him Stansell to that this was going to happen that this was an inevitability if he submits an affidavit which we relied in part on in Stansell to to say that there are disputed issues of material fact on whether he's an agency or instrumentality of the FARC you know you can bet your bottom dollar that he is going to be set for deposition so you've had months months to talk to him prep him prepare him then he gets set for deposition and then by zoom and he's like no I'm gonna do it so your honor respectfully the position that the plaintiffs took before the remand was no discovery in this case and they changed their mind because now because they were arguing no trial is needed were entitled to summary judgment we agreed with you that there were material issues of fact you were entitled to a jury trial right so it might the point is it's it's not inevitable that there's going to be a deposition of course there is again if they're if they're taken at their word he files an affidavit that creates an issue of material fact he is in essence the opposing party he is the domino on which everything else falls if he's an agency of instrumentality then very likely all of his controlled companies are agencies or instrumentalities and they get to execute I still haven't heard a legal reason why he can't sit for the deposition when he was ordered to do so if your honor if the court had come back and said I'm gonna give you these two days I understand your point maybe I'm gonna back away slightly from what I said about you can't seek any sort of affirmative relief he would have sat he would have sat for the deposition how do we know that I'm making that representation representation like that can't be taken at face value not because it's you making it but because an affirmative representation about a question of fact made by a lawyer which we can't accept one way or another the only thing we have in the record is he was told to sit for deposition he was allowed to sit by zoom and he didn't sit for it and your honor the issue is this was an impossibility you cannot have a court order setting discovery on a matter like that that itself was an error and that's the true to Sama case all over again and I actually would think that this case the facts are worse than they were in two to Sama because essentially you're there this was an impossibility and don't forget one of the other things that we asked for in that second motion is your honor they are in violation of this case that we cited and in violation the rules they're asking us to accelerate the violation of what case your honor it was a district court case that was I believe it was a judge Middlebrooks case that we cited and we've cited in our second what did what proposition proposition is that the a litigant may not accelerate the period of time under rule 34 the 30-day period by noticing a subpoena deuces take them and what judge but a district court has generally speaking the discretion to change those timelines your honor I agree with that if the if what the court had done is said I'm not mentioning future disentitlement doctrine I'm not gonna say that at all what I'm gonna do is analyze I'm gonna hear your motion I'm gonna analyze it and there's no First Amendment issue there's no due process issue because he's making excuse me a decision based on the merits of the motion but that's not what this court did respectfully what he did was make a blanket prohibition going into the future saying I'm not gonna consider any of your motions that is a clear due process violation it violates what the courts principle was laid out in Farron that doesn't matter at the end of the day even if you're right if the conduct that led to the default is a failure to sit for the deposition the conduct that you respectfully the conduct that led to the default was the courts mismanagement of its trial schedule just like in Chudasama and its misapplication of the fugitive disentitlement doctrine if again I can say that if the courts backs away and says okay extra two days I did in seven day period the 19th if you if you sit on the 19th I'm gonna give you that a two-day extension he would have sat we would have figured out how to do it and that two-day thing is what creates reversible error in this case what creates reversible error is what the court said after specifically you are barred from seeking but that relief if you say he would have sat what deposition two days later and that's that is actually my point because if he does sit after the court has ordered you are barred from seeking affirmative relief he he can moot out his appeal there's a long history in this case of mooting out even constitutional issues and so if once he is ordered on the 14th you can't file any more appeals I'm not even and by the way I think it's important to say we made very specific objections to some of the discovery requests judge didn't even entertain those issues he didn't entertain our argument about the rule 3034 acceleration he did what you're not allowed to do under due process which is just to say I'm not gonna hear any of your motions and by the way not am I not going to consider them you are barred from filing in the future he would have sat well that obviously if the judge the judge issues the order I believe is on the 12th saying if he gives you the two days yes and if he doesn't issue that order no he gives you the two days but he still issues the order saying you can't ask for any further affirmative relief that's a different story as he said no that's I think is a different story because you what does what does the issue what does the not filing anything else do have to do with the sitting for the deposition or so if he sits let's say the number of issues come up and she'll Fifth Amendment issue yeah potential hey what did you talk with your lawyer if I know I can't file a motion I can you don't have to file a motion you heeds you instruct them not to answer but this is the same situation that you have and then they move to compel and then you respond to the motion to compel he asked an attorney client privilege question he invoked privilege he can't ask that next okay and now if the judge says you're compelled to answer now what that's no different than if you had filed the motion and he had ruled against you on the merits of the motion well except it is different because again he is he has a constitutional right to due process yeah but if that deposition he waves that so he's not gonna sit no that's it's a conditional sitting if you if you rule in my favor on the fugitive disentitlement affirmative relief stuff I'll sit in other words the point is if he treats mr. Lopez like any other civil defendant litigant which is really the message of Farron and I should point out Farron includes a situation where you actually have a relation between the case in which he's a fugitive and not and you don't have that and I do want to get to that point because it's an important one there was a factual finding that was wrong that even under my undermines the application the fugitive disentitlement doctrine but the point is once he makes the broad pronouncement you I'm not gonna you can't file any more motions that is a process violation that really we at that point we had a good faith basis we needed to go to the 11th Circuit we needed to not comply because if we do we write we wind up mooting the appeal and I do want to point out one of it prior in the case because you mentioned you've been involved in the case a long time judge Jordan you may remember there was a piece of property that we moved the 11th Circuit to freeze the sale of that property and the motion for the was denied but you made a concurrent you concurred in the opinion but you did say I think there's a due process violation here what happens we go up on appeal we tried to get some relief from reversing the sale and the issues muted mooted so the point is at that point when the court makes this very broad pronouncement unprecedented unconstitutional you can't file any motions you can't defend yourself you're gonna be with one arm tied behind your back or two arms tied behind your back throughout this litigation we had to come to the court now if the again if the court had issued its order if it backed off and said you know what I'm not gonna say you can't file any motions I will consider your motions but I'll give you the extra two days now we're in a different posture because now he's not essentially saying you can never file a motion or ask your linking you're linking those two things and I'm not that the failure to sit is linked to the order preventing him from seeking affirmative relief I think they're independent things your honor I think if he is not basically if he's not even engaging us on the arguments and that's very clear from the nature of the of the orders he's not even considering the arguments that itself is a violation even if he doesn't say you can't file any motions there's a number of cases on that when when it when a client sits for deposition you're not filing you're not at your computer filing instantaneous motions with the judge unless things are so bad that the district judge appoints a magistrate judge or a special master to sit you're objecting and then the other side says okay you know we'll take it up with the judge if you're not gonna answer that question and you move forward that happens in litigation it does but what is unprecedented here your honor is it's clear from the judge's and and misapplication or misdefinition of the term affirmative relief he's not he's not listening to anything that we're saying he won't allow us to say anything and it extends even to objections because again as I mentioned in our second emergency motion for a protective order we made a number of a specific objections to the discovery request he said I'm not even considering them because you're a fugitive and so under those circumstances how can we sit for any deposition we know we can't make an objection we can't file a motion an objection is not affirmative relief but the court's conception from that order clearly shows that it is because again we're saying your honor for example these particular types of documents these are not documents that can be turned over in discovery these documents these are there's the court doesn't have jurisdiction because it's from a different court and did he said you're a fugitive I'm not addressing these points okay mr. Fels we've taken you way over your time you saved all of your time for for rebuttal thank you mr. Rosenthal morning may it please the court Richard Rosenthal on behalf of the appellees your honors I would like to begin with judge Jordan's series of questions to my brother at the bar because judge Jordan has been living with this case for over a decade as well as I have and so he knows it inside and out and judge Jordan you're exactly right when you ask the question what is the legitimate excuse for not sitting for this deposition is it linked to the fugitive disentitlement ruling or was there any basis whatsoever and I don't think you got a straight answer and the truth is there was no legitimate excuse for mr. Lopez not to sit for the deposition before you get there I want you to at some point during your time address the district courts application of the fugitive disentitlement doctrine to the prohibition on mr. Lopez seeking affirmative relief which seems a little bit funky to me if you're allowed to defend a case under Pharaoh and the doctrine is not going to be applied to you to completely knock you out of court and have you lose the case it's hard to see how you can properly defend without being able sometimes to ask for affirmative relief like for example this case it couldn't have happened because we already ruled that summary judgment but moving for summary judgment for example it just seems a little funky to me so this court has distinguished between throwing someone out entirely based on the fugitive disentitlement doctrine the FDD I call it throughout the brief and limiting what they can do in terms of seeking some forms of affirmative relief and I will I you have my word I will turn to that in greater detail judge Jordan in a moment but before I do that let me just emphasize that the fugitive disentitlement doctrine the ruling the alternative basis for judge skull is holding was just that an alternative basis I heard my brother at the bar say repeatedly from this podium that judge school never entertained the merits of his arguments on the motions for protective order that's simply not so if you look at docket entries 5 2 3 and 5 2 7 you will see each time and then on the default order 5 3 6 you will see judge Scola entertaining every one of the merit-based arguments that he argued for a protective order and judge school has said there's no merit to this these are baseless I'm looking at these in several instances he said I cannot even tell what the argument is that mr. Lopez is asserting to be to not have to sit for depo or not have to answer these paper discoveries I'm getting these the answers from the opposing party but in any event I am engaging these answers these arguments and I am rejecting them on the merits and as an alternative basis the FTD FDD gives me a reason not to entertain these arguments so this was an entirely alternative excuse me alternate basis for all of the rulings from judge Scola so really the FTD as we think it is a sideshow okay so let's say that the FTD is a sideshow why is it a default judgment for discovery violation not extreme why not just impose sanctions require mr. Lopez to provide attorneys fees for the amount of time wasted during discovery I mean again if it's just on the protective order issue it seems extreme to just to enter the default judgment it wasn't under the case maybe you impose some sort of sanction like you described fine him he has no funds that haven't been blocked by OFAC there was no way to find him anything there was no way to threaten him with contempt he's already already a fugitive from justice hiding out in Venezuela a country with no extradition treaty he is alleged by OFAC and by our experts to be in the inner circle of the Maduro regime they are protecting him and coddling him they are not going to turn him over so it is an empty threat there's nothing that judge Scola could have done and he made a factual finding which is entitled to some deference from this court saying I have no other sanctions that would be effective this court said in the Adolph Coors case and a number of other cases cited in our brief it's not just alternative less drastic sanctions that you can hypothesize that the district judge has to consider before imposing the the death penalty if you will it's alternative sanctions that would be effective that would secure compliance with his earlier orders and would serve as a sufficient deterrent to future litigants to not pull this sort of stunt and judge Scola acknowledges this says look I need to consider other less drastic alternatives under the circumstances of this case I find that nothing would be effective he had warned him twice in written orders in bold and underline if you do not show up for this depo you will be sanctioned including an up to dismissal of your case or of the claim what's he gonna do there is attendance and I heard from the podium today oh we would have shown up on October 19th with no disrespect to my very able counsel and brother at the bar that is not what he said the day before the deposition and at the deposition it's in the record docket entry 531 dash 4 he writes to us on October 16th mr. Lopez will not be appearing at any deposition until after the appeal is heard and quote not oh we'll show up on the 19th if you drop the appeal or we can negotiate this it was until our appeal is heard and the appeal by the way from which there was no jurisdiction it was essentially a baseless frivolous appeal to give himself a fig leaf not to show up we will not show up he says the exact same thing at the deposition mr. fells shows up on the zoom this is docket entry 532 dash 1 at page 4 the October 17th deposition he repeats the exact same statement Lopez will not be appearing at any deposition until the show up two days later is a myth but it does perhaps suggest that he would be willing to show up at some time he's just trying to put conditions in terms of the timeline in any event it would have been a violation of both of judge Scola's orders so he doesn't get to make up his own rulings judge school has issued two orders and by the way there was a third violation I know there's some quibble about whether we've double counted some things and there is a I made under the wrong case number was timely made my apologies for that that's the seventh violation but there were at least three or four and another violation certainly was his failure to bring any documents to the deposition if he's not going to show up which in and of itself is a violation of two court orders but it's counseled there he at least could say I saw these deuces teakum requests here's our best effort at compliance here's some documents and some of the documents we were requesting were completely vanilla things like if you have any professional certificates bring them we asked in document in request number 12 and 13 please produce to us at the deposition the documents you have already given to your expert five years ago who testified in your behalf at the evidentiary hearing we said I've looked at some of mr. Lopez's internal financial papers and that the corporate records we said well if you've sent them to your expert the lawyers presumably have them or your experts on five years ago give them to us so we can know what these are they didn't even bring those so there wasn't even a effort a good-faith accommodation and judge Jordan I heard yesterday I was listening to the oral arguments you had a case with the lawyer regulation and you said you know this would be a different story if the lawyer had attempted to produce some evidence or made some good-faith effort to produce something and said he just totally stonewalled well that's what we have here that's another violation of Judge Scola's order he produces nothing in paper discovery doesn't even interpose an objection so just nothing complete defiance now judge Jordan I promised you that I would get back to the FTD stuff and I want to keep my word before you get there I just do want to make it clear that you view that as an alternative ruling so we don't have to reach it if we don't want to that is exactly right and in fact docket entry 536 this is Judge Scola's default order at pages 2 3 and footnote 1 Judge Scola says exactly that point so this isn't just my opinion Judge Scola says I had alternate bases for my holdings denying the motions for protective order not just the FTD and either one is independently sufficient that's Judge Scola saying that not just me so yes that is correct I don't think you need to and frankly I don't think you should there's a lot of pragmatic reasons why you ought not if you do reach the fugitive disentitlement doctrine which I don't think you need to and I don't think you should the basis on which you ought to decide it is the statutory basis not the equitable common law basis that Judge Jordan we all discussed two years ago with Chief Judge Pryor on the panel because in the intervening time there has been a new Florida statute we notified the court the day that statute was enacted at 772.12 subsection 6 we sent a rule 28 J letter the day Florida enacted that provision and the governor signed it into law it's been seven months since then not a single word from the appellant now rule 28 J says you get the right to respond promptly there's been seven months he hasn't said anything he hasn't asked for supplemental briefing on the question just complete silence it's a concession by silence that he no longer has this right as a matter of Florida law Judge Jordan when you wrote the opinion for the panel two years ago saying he gets a jury trial the basis for that was Florida statute 7708 as a statutory right to it to a jury trial that has now been superseded by Florida statute the new Florida statute so he no longer has the right to a jury trial that's section 6a one of the statute but more to the point the full citation to that statute absolutely it's Florida statute 772.12 subsection 6 and we filed a notice of supplemental authority on June 20th of the day was passed section 682 of that statute is a statutory fugitive disentitlement doctrine and it says you cannot quote use the resources of the court etc etc if you're a fugitive and it says including in post-execution proceedings the statute also says it applies to already existing cases so there's a retroactivity provision it's the whole ballgame he has no answer for it it's as if we never even filed the 28 J letter because he has no response to it so if you do have to reach the FDD which I don't think you do and I don't think you should resolve it on the statutory basis as a matter of positive endowment of law from the Florida legislature not the common law equitable doctrine which I acknowledge is amorphous and we had talked about this two years ago judge Jordan about how there's some tension in this courts decisions between the Pessin case and the Farron case one of them says you can that one was up on appeal I think one of the distinguishing factors between those two cases is that the Pessin case the one that's in our favor denied the ability to appeal not just defend in the trial court and judge Scola if you notice in one of his orders I believe it's five three six emphasized that word appeal in Pessin that maybe you can't apply it at the district court but certainly a court of appeals can bar a litigant who has lost from appealing if he's a fugitive I leave that to this court's discretion on how to deal with it but I don't think you even have to go there it's a mess we think we get the better of those arguments between Pessin and Farron but you never even have to get to that point there's one other point I want to make about the deposition how he was supposed to know it was coming and judge Jordan you're exactly right when you sent this thing back for a jury trial he had to know he was the key star witness after all we have to prove that he's an agency or instrumentality of a terrorist party and so of course we're gonna depose him and your honor's order in 2022 even alluded to that in footnote 8 of the opinion if you look at the stancel 2022 opinion footnote 8 you say for the court judge Jordan look we know we have this affidavit it was for an evidentiary hearing and he didn't show up it might have been a different story this this will get him past summary judgment or de facto summary judgment under the jury trial right which existed then does not exist now but you said it might have been a different story if there had been reciprocal discovery and obviously that's what was coming when we go to a jury trial when you said we should have a jury trial you didn't say we should have a jury trial by ambush where we don't know what his defense is gonna be where he's gonna show up and say he's a quote-unquote legitimate innocent billionaire businessman from Venezuela but we can't look at any of his corporate documents we can't ask him any of course we have to ask those questions he knew the deposition was coming so there is no legitimate excuse for not sitting for the deposition there is no legitimate excuse for failing to produce even a single document in discovery or even interposing a specific objection to a discovery request nothing so unless your honors have additional questions I'll sit down and reserve the balance of my time thank you all right thank you very much you let's start first with the new Florida statute that's unconstitutional we've challenged it in the Morone case and in fact one judge in this district has already found that the application in a situation just like ours would be unconstitutional because would violate his due process rates one of the main reasons it's unconstitutional is because it has no limiting principle connecting the case for which you're a fugitive to the current case and that's critical because that was one of the issues also in an issue at this case and the judge erred he was invited to error by made false statements but there are false statements in the record that caused the judge even to think that the fugitive disentitlement doctrine applies here he says I do appreciate and we need to hear more about the FDD but just quickly as assuming that we leave the FDD issue what are you asking us to do we vacate and remand the default you go back you make what sounds like the same arguments and multiple motions and then what there's a simple solution your honor if the judge doesn't invoke the fugitive disentitlement doctrine in this plainly unconstitutional way and gives us 33 weeks which is the standard expedited if that's what he wants for a discovery that's a reasonable period of time to have discovery we're all for that that's what we're asking for and we're all for that you all for that meaning that if the deposition is required your client will then comply as long as long as he can comply on video as as he was ordered before the conditions that your client has said well I think that was a condition that the court itself unilaterally said we didn't ask for it but it isn't she doesn't mean that she means other conditions that you or your client might set for his appearance we're all we're asking is just to be treated like any other litigant and that is that is the essence of the fugitive this goes back this let's assume you win across the board it goes back just go like gets it says well forget the fugitive disentitlement doctrine I may have been a little bit too hasty and pulling that trigger the 11th Circuit thought so I have it back now two weeks you're sitting for a zoom deposition does he sit if it then our is there a subpoena deuces take him so he has to push push all these documents through and all within two weeks well we'll make it let's take it the easy way no subpoena deuces take him yes if we have you sit for a deposition two weeks from now you're not getting your 33 weeks of discovery I'm expediting this thing you've been on notice for a while that you were going to be deposed you can do it by zoom two weeks yes and as long as action is going to be filed to the deposition our objections going to be filed to this deposition itself yes as long as as long as he can appear by zoom no as long as he is part of my question of the ability like any other litigant to make objections will there be objections to the sitting for a whatsoever if as long as he is able the order just says mr. Lopez right two weeks from now you will sit for a zoom deposition nine o'clock on this date will there be any motions filed by you on his behalf to prevent that deposition from happening or from delaying it in any way no your honor again none and again as so long as he can make the objections be able to file motions and not no no no no no no no I just asked you about motions well the question is is if the court is on remand saying I cannot impose the fugitive disentitlement doctrine so I will consider you an order he's okay you have to listen to my hypothetical he says no fugitive disentitlement doctrine reliance of any kind they've asked for discovery I've already said I'm granting reciprocal discovery mr. Lopez you're sitting for a deposition in two weeks by zoom then he will sit you're not going to seek any affirmative relief to prevent the deposition from going forward we would not your honor okay and this is all what we're talking about is we just need to have a share a fair shake we can't be treated in an order like you see here where one party you are not you're barred from filing motions with the other party please file motions if you're not satisfied with what the other party does that's that is not an even playing field that is not litigation it's not consistent with due process it's not consistent with the First Amendment I do want to make another point we did pose specific objections that the judge did not consider it's in the record I also want to point out that so there really is no alternative basis because all the alternative bases are all incorrect or they are based on essentially not even considering the motion that is the didn't rule didn't just go to rule alternatively on at least some of your objections and deny them on the merits for example your objection that his previous orders didn't contemplate discovery and he says no I think you're mistaken my orders may not have been explicit on the point but they did contemplate discovery probably you're wrong on that point denied well the problem is the order that decision is not consistent with the rules which would require him just means that it's wrong that doesn't mean it wasn't considered well if it's a night okay but if it's if it's a basis that is wrong and it's obviously so then it can't be an adequate independent grounds I agree with that but it's different than saying he didn't consider he considered some okay but again the last order which is the most problematic one is the one where he doesn't consider and he triggered the appeal I do want to raise a couple of other issue important issues I mentioned before you've got to wrap up because you're you're beyond your time and I know we've taken you partly beyond it but you have you have a minute to wrap up I want to just to wrap up this was an abuse of discretion you look back at the original condition that set all of this off which is the invocation the fugitive disentitlement doctrine it is only one violation there may have been two orders but he only violated it once there was no bad faith and the reason that there was no bad faith among other things is that you have both a a belief that this court doesn't no longer the lower court no has no jurisdiction to enforce an order that's unconstitutional it's essentially a void order we can't file motions the court acknowledged this was at least a close call asked for additional briefing on whether or not this was an injunction I went I know they went the other way but we acted in good faith in trying to preserve our prior threats that the lower court had made that if we didn't if we filed any more motions we'd be sanctioned we were stuck in a possible situation the only way to preserve his rights keep them from being looted was to come to your honor the other reason that this is again an abusive discretion I'll wrap up again this was a sua sponte rule 37 they never asked for a rule 37 motion to respond the last filing was a reply brief to a different set of reliefs for us to even file a sir reply we would have had to file a motion to file a sir reply in the court which again would have been in violation of his order because he says I'm no more more exactly right because you're responding to a request for relief by the other side that's a defensive motion not an affirmative motion all of our motions essentially would have been affirmative motions the way he was characterizing it if we asked for even just a motion for protective order because we're defending ourselves from discovery violations that the plaintiffs are doing that's still a defensive motion the the idea of affirmative relief is very clear in the law it's do I have a separate claim in fact Farron uses that term claim that means it's an independent claim that I can bring a counterclaim for example so this the court was completely in error by focusing on affirmative relief we never sought any proceeding the only thing we tried to do is defend ourselves and and just one other point because I do want to address this whole issue about what kind of precedent does this set and I would I would counsel to your honors what kind of precedent does it set that you have an order that essentially prevents one of the litigants from defending themselves it will create the exact same scenario that was hypothesized by this court in Farron that you have a plaintiff who would take advantage of the situation because they know that you have another side that won't defend themselves so that's what we're asking we're just asking for reversal and remand so that we can we can argue we can argue this case we can file whatever motions we can submit objections and will be heard just like any other litigant thank you all right thank you both very much